UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DAVID R.[1], | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CIVIL NO. 1:18cv236 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

---

[1] Plaintiff's full name will not be used in this order to protect privacy.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since July 30, 2015

(Ex. 5D, 6D, 7D, 8D), the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: fibromyalgia, disorders of the spine (including discogenic and degenerative changes in the lumbar spine and scoliosis), bilateral pes planus, and obesity (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that he cannot climb ladders, ropes, or scaffolds and he can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He must also avoid concentrated exposure to vibrations.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on June 16, 1987 and was 28 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy the claimant can perform (20 CFR 416.969 and 416.969(a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 30, 2015, the date the application was filed (20 CFR 416.920(g)).

(Tr. 17- 23).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on March 13, 2019. On April 23, 2019, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff suffers from lumbar degenerative disk disease confirmed by MRI that demonstrated L5 nerve root encroachment, degenerative changes, bulging disk, facet arthropathy. X-rays revealed a pseudoarticulaton between the right L5 transverse process and the right side of the sacrum.

Plaintiff's podiatrist diagnosed bilateral pes planus and foot pain. Plaintiff is morbidly obese. His rheumatologist diagnosed fibromyalgia. Lab results yielded elevated inflammatory

markers.

In support of remand, Plaintiff contends that the ALJ's RFC finding is not supported by substantial evidence. Plaintiff acknowledges that the ALJ made some exceptions to the light work finding, but argues that there should have been a reduction in the lifting requirements and the walking and standing requirements. Plaintiff argues that RFC finding that he could "perform the standing and walking requirements of light work is 'inherently illogical'" and "contravened the logical bridge requirement".

The RFC is the most an individual can do despite his limitations. 20 C.F.R. § 416.945; *see also* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2 (July 2, 1996). The RFC assessment is an administrative finding, not a medical opinion. *Marner v. Berryhill*, No. 1:17-CV-113-WCL, 2018 WL 360332, at *5 (N.D. Ind. Jan. 11, 2018); SSR 96-8p, 1996 WL 374184, at *2 (S.S.A.). An ALJ assesses a claimant's RFC based on all of the relevant evidence in the claim file at the time he or she makes a decision, including the objective medical evidence, medical source opinions and observations, and a claimant's own statements about his limitations. 20 C.F.R. § 416.945(a). The claimant bears the burden of providing evidence establishing the degree to which his impairments limit his functional capacity. *See* 20 C.F.R. §§ 416.912(a), 416.945(a)(3).

In the present case, the ALJ appropriately considered the entire record and the effect of Plaintiff's impairments on his ability to work (Tr. 17-22). 20 C.F.R. § 416.945(a)(2). The ALJ's decision contains a lengthy discussion of the relevant medical and non-medical evidence (Tr. 17-22). Based on the record in its entirety, the ALJ found that Plaintiff had the RFC to do the following: light work as defined in 20 C.F.R. 416.967(b); he cannot climb ladders, ropes, or

5

scaffolds; he can only occasionally climb ramps and stairs; he can only occasionally balance, stoop, kneel, crouch, and crawl; and he must avoid concentrated exposure to vibrations. (Tr. 19). The record does not support more extensive limitations than those enumerated in the ALJ's RFC finding.

Plaintiff suggests that the ALJ should have "reduce[d] the lifting requirements or walking and standing requirements" because of his diagnosed morbid obesity, flat feet, and lumbar degenerative disk disease. The determinative issue in a disability adjudication is the functional impact of a condition; a mere diagnosis or examination note does not establish the severity of an impairment. *Johnson v. Colvin*, No. 2:13-CV-138-PRC, 2014 WL 4722529, at *4 (N.D. Ind. Sept. 22, 2014). Although Plaintiff points to various diagnoses in the record, he does not cite any evidence beyond his own lay opinion that these impairments result in greater limitations than the ALJ found. Plaintiff does not further develop the argument or satisfy his burden here. *See* 20 C.F.R. §§ 416.912(a), 416.945(a)(3). It is well-settled within the Seventh Circuit that "perfunctory and undeveloped arguments" are waived. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016).

Even if Plaintiff's argument is not waived, it is meritless because the ALJ appropriately considered all of Plaintiff's diagnosed impairments and the objective and subjective evidence related to the impairments when assessing the RFC (Tr. 17-22). As the ALJ recognized, records show that Plaintiff was significantly obese (Tr. 19-20, 346, 354, 371, 398). Plaintiff, however, does not show how his obesity exacerbated his impairments (Tr. 19).

With regard to Plaintiff's foot complaints, the ALJ noted that Plaintiff saw a podiatrist for bilateral pes planus (*i.e.*, flat feet) and was prescribed orthotics (Tr. 20, 289-91, 343-44). Records

6

show that he had pain-free active and passive range of motion of his ankles and normal strength in his ankles and feet (Tr. 291).

The ALJ also discussed at length records pertaining to Plaintiff's fibromyalgia and back pain (Tr. 19-22). As the ALJ commented, the records show that since mid-2015, Plaintiff's physical examination findings were largely within normal limits (Tr. 21, 250, 254, 257-58, 262, 286-87, 290-91, 294, 297, 300, 324, 335, 337, 339, 357). Notably, there is no evidence of muscle atrophy or deficits in sensation or fine finger manipulative ability (Tr. 21, 281). Plaintiff's muscle and grip strength were graded, at worst, a "4" out of "5" (Tr. 21, 281). There is no evidence that Plaintiff regularly and consistently used an assistive device for ambulation or balance (Tr. 21, 281). Plaintiff has not undergone any surgeries on his spine or joints since the application date (July 30, 2015) (Tr. 21, 297). The progress notes of a treating physician, Alfred Torrence, M.D., usually indicated that Plaintiff denied being in pain (Tr. 21, 398-98, 402-03, 416-17, 421-22).

Plaintiff underwent a functional evaluation in January 2016 (Tr. 21, 314-19). The evaluator, Shirley Drier, OTR/CHT, noted that Plaintiff exhibited some inconsistencies in his presentation, including walking with a slow or antalgic gait at times, but a smooth gait at other times (Tr. 21, 315-16). Ms. Drier's report also indicates that after testing, Plaintiff was "observed to walk with [a] slow, antalgic gait to the waiting area, then [he] put his coat on while he quickly walked out of the door and to his vehicle where he sat and drove away quickly" (Tr. 21, 315).

Imaging studies (including May 2015 x-rays and a January 2016 MRI) revealed that Plaintiff had scoliosis, "minimal" grade I anterolisthesis of L4 on L5, "mild" disc bulging and

facet arthopathy at "3-4, "mild" prominence of epidural fat at L3-4, disc bulging and moderate disc space narrowing plus "mild" bilateral facet arthopathy at L4-5 with likely encroachment of the right L5 nerve root, severe disc space narrowing at L5-S1, and pseudoarticulaton at L5 (Tr. 20, 245, 249, 266, 294). However, studies showed no evidence of any significant stenosis (Tr. 20, 245, 249, 266, 294).

The ALJ also remarked on the sub-optimal findings in the records, including evidence of the following: obesity; back and hip tenderness; slightly bent posture; calluses on his feet; bilateral pes planus; hypermobility of the wrist and shoulder; 18 positive fibromyalgia tender points; an antalgic gait at times; difficulty with heel/toe and tandem walking; difficulty hopping and squatting; unsteady Romberg testing; slow movements; and decreased range of motion in his back, neck, knees, left hip, and left ankle (Tr. 21, 249-51, 254, 260, 281-82, 286, 289, 291, 293-94, 310-14, 331, 344 ).

The ALJ also considered Plaintiff's treatment regimen (Tr. 20). 20 C.F.R. § 416.929(c)(3)(iv), (v) (when evaluating symptoms, an adjudicator considers, among other things, "[t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms" as well as the "[t]reatment, other than medication, you receive or have received for relief of your pain or other symptoms"). Plaintiff underwent physical therapy and was given a home exercise program (Tr. 20, 302-13). Additionally, Plaintiff's treating sources prescribed a medication regimen that included Mobic, Cymbalta, and Cyclobenzaprine (Tr. 21, 293). The records contain no evidence that Plaintiff experienced medication side effects that could not be adequately managed by medication changes or dosage adjustments (Tr. 21).

Additionally, the ALJ considered Plaintiff's daily activities. 20 C.F.R.§ 416.929(c)(3)(i) (when evaluating symptoms, an adjudicator considers, among other things, a claimant's daily activities). Records show that Plaintiff lived alone in a two-story townhouse; drove (albeit short distances); used a computer; cared for his personal needs independently (although he reportedly showered once every two or three days); shopped for groceries; used a microwave to prepare meals; and did some light house cleaning (including washing laundry and emptying the dishwasher) (Tr. 19-20, 34-35, 41-44, 168-73, 176-81).

In terms of medical opinion evidence, the ALJ discussed records from Matthew Pekkakuzhilil, M.D., Plaintiff's long-time primary care physician (Tr. 21). Dr. Pekkakuzhilil noted in December 2016 that Plaintiff was seeking disability due to fibromyalgia (Tr. 21, 335). Dr. Pekkakuzhilil wrote that he "examined [Plaintiff] thoroughly and [he was] not seeing any abnormalities" (Tr. 21, 335).

In addition to Dr. Pekkakuzhilil's opinion, the ALJ also considered the opinions of the State agency medical consultants (Tr. 22, 59-62, 70-72). In October 2015, around the time of the initial determination, medical consultant Joshua Eskonen, D.O., reviewed Plaintiff's records and concluded that Plaintiff could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; stand and/or walk for a total of 4 hours; sit for a total of about 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to hazards (Tr. 59-62).

In December 2015, medical consultant J.V. Corcoran, M.D., reviewed Plaintiff's records on reconsideration and concluded that Plaintiff could occasionally lift and/or carry 20 pounds

9

and frequently lift and/or carry 10 pounds; stand and/or walk for about 6 hours in an 8-hour workday; sit for a total of about 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to vibrations (Tr. 70-72).

The ALJ's RFC finding is generally consistent with or somewhat more restrictive than the State agency medical opinions (Tr. 22). Notably, however, the ALJ did not adopt Dr. Eskonen's opinions about standing/walking limitations and environmental limitations (Tr. 19, 22). As the ALJ explained, Dr. Eskonen did not have the benefit of reviewing as much evidence as was available on reconsideration or at the hearing level (Tr. 22). Additionally, the record as a whole lacked evidence of markedly or extremely abnormal physical examination findings, and there was no evidence that Plaintiff demonstrated muscle atrophy or required an assistive device for ambulation and balance (Tr. 22). Thus, the ALJ's RFC finding appropriately incorporated those limitations that were supported by the record.

Plaintiff equates light work to "walking up to six hours out of an eight hour day" and speculates that "[e]ven at the very slow pace of ½ to 1 mile an hour, Plaintiff would be expected to cover 3 to 6 miles a day (15 to 30 miles a week) in the workplace" (Pl.'s Br. at 8). He contends that it is "absurd and illogical" that he could perform such activities (Pl.'s Br. at 8). The main problem with Plaintiff's assertion is that light work does not equate to walking up to six hours per day. On the contrary, the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. SSR 83-10, 1983 WL 31251, at *6 (S.S.A.). Furthermore, the physical exertion requirements for light work does not discuss the ability to walk in terms of miles per hour or per day. *See* 20 C.F.R. § 416.967(b).

Thus, it is pure speculation to assume that Plaintiff would be walking six miles a day, where there is no such limitation in the ALJ's discussion or in the RFC finding. In fact, nowhere in the decision does the ALJ suggest that Plaintiff would be expected to walk upwards of six miles per workday. Thus, Plaintiff's argument is without merit.

As the ALJ's RFC assessment is supported by substantial evidence, the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: July 22, 2019.

s/ William C. Lee
William C. Lee, Judge
United States District Court